MEMORANDUM **
Ban Michael Matti, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. Lopez v. Ashcroft, 366 F.3d 799, 802 (9th Cir.2004). We dismiss in part, deny in part, and grant in part the petition for review.
Matti does not raise any arguments in her opening brief regarding the agency’s denial of her CAT claim. See Martinez-Serrmo v. INS, 94 F.3d 1256,1259-60 (9th Cir.1996) (issues not supported by argument are deemed waived).
We lack jurisdiction over Matti’s due process and adjustment of status contentions because she failed to raise them to the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
Substantial evidence supports the IJ’s finding that Matti failed to establish she suffered harm that rose to the level of persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003).
In analyzing Matti’s well-founded fear of persecution, the IJ found that even if Mat-ti established past persecution, changed circumstances rebutted her presumption of future fear. After the IJ’s decision, this court issued two decisions involving Chaldean Christians from Iraq, in which the court concluded that the evidence regarding the fall of Saddam Hussein and the Ba’ath party did not provide the agency with a basis to conclude that petitioners no longer feared religious persecution. Hanna v. Keisler, 506 F.3d 933, 938 (9th Cir. 2007); Mousa v. Mukasey, 530 F.3d 1025, *195 1030 (9th Cir.2008). In light of these two decisions, we remand Matti’s asylum and withholding of removal claims for reconsideration. Upon remand, the agency may wish to consider whether Bodak’s fear of future persecution is objectively reasonable in view of the current situation in Iraq. See Hanna, 506 F.3d at 939.
Finally, based on our remand, we do not reach Matti’s arguments regarding the BIA’s order.
Each party shall bear its own costs for this petition for review.
PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.